IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SHANNON MILLER,<br>    Individually and on Behalf of<br>    all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL COLLECTION<br>BUREAU, INC.,<br><br>Defendant. | CASE NO.: 4:13-cv-572 |

## PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff Shannon Miller ("Plaintiff"), by and through her undersigned counsel, brings this class action lawsuit against First National Collection Bureau, Inc. ("Defendant" or the "Company"), and alleges as follows:

## NATURE OF ACTION

1. This is a class action lawsuit brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. sec. 1692 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. sec. 1692k(d) and 28 U.S.C. sec. 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. sec. 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant resides in this State and this District.

4.  Plaintiff is a natural person, who at all relevant times resided in the State of Texas, County of Collin.

5.  Plaintiff is allegedly obligated to pay a debt due a creditor other than Defendant, and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. sec. 1692a(3).

6.  Plaintiff's alleged obligation asserted to be owed or due a creditor other than Defendant arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. sec. 1692a(5).

7.  Defendant is a Nevada corporation with principal offices situated in Sparks, Nevada.

8.  Defendant may be served through its registered agent Bradley Jardon at 610 Waltham Way, McCarran, Nevada.

9.  Defendant is a "debt collector" as defined by 15 U.S.C. 1692a(6).

10. In the year prior to the filing of this Complaint, Defendant initiated, or caused to be initiated, one or more telephone calls to Plaintiff's telephone line, in an effort to collect from Plaintiff an alleged obligation asserted to be owed or due a creditor other than Defendant, and on one or more occasions left the following message:

> (inaudible)Miller, please have Shannon Miller call our office during business hours for a message concerning important personal business.  The telephone number is 800-824-6191.  Again, the number is 800-824-6191.  Whoever returns this call should refer to reference number 050038480.  Again, the reference number is 050038480.  If you wish to speak to someone now regarding your

account, press zero.  To repeat these choices, press the star key.  Thank you for
your help.  Good bye.

11. In the year prior the filing of this Complaint, Defendant initiated, or caused to be
initiated, one or more telephone calls to Plaintiff's telephone line, in an effort to collect
from Plaintiff an alleged obligation asserted to be owed or due a creditor other than
Defendant, and on one or more occasions left the following message:

> Hello, we have attempted to reach Shannon B. Miller several times regarding an
> important business matter.  We need to talk to someone today regarding this
> account.  Please press the one key now or call us back at 1-800-824-6191.The
> messages left on Plaintiff's voicemail were pre-recorded messages.

12. The messages left on Plaintiff's voicemail did not provide meaningful disclosure  of the
caller's identity as required by 15 U.S.C. 1692d(6) and/or did not provide the language
required by 15 U.S.C. 1692e(11).

13. Defendant, as a matter of pattern and practice, leaves or causes to be left, voice
messages/recordings with and/or for alleged debtors using language substantially similar
or materially identical to that utilized by Defendant in leaving, or causing to be left, the
above described voice messages for Plaintiff.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure
23 on behalf of a Class of individuals consisting of all persons located in the State of
Texas who, within one year before the date of the filing of this Complaint, received a pre-
recorded voice message/recording from Defendant in connection with an attempt to
collect any purported debt that was incurred primarily for personal, family or household

purposes, where the pre-recorded message/recording failed to provide meaningful

disclosure of the Defendant's identity, and/or failed to identify that the Defendant was a

debt collector, and/or failed to identify that the communication from the Defendant was

an attempt to collect a debt and/or failed to inform the receiver of the message that any

information obtained would be used for the purpose of collecting a debt.

15. Excluded from the Class are Defendant, the officers and directors of the Company,

members of their immediate families and their legal representatives, heirs, successors, or

assigns, and any entity in which Defendant has or had a controlling interest.

16. The proposed class is so numerous that joinder of all members is impracticable.  The

exact number of class members is unknown to Plaintiff at this time and can only be

ascertained through appropriate discovery.  The proposed Class is ascertainable in that

the names address of all members of the Class can be identified in business records

maintained by Defendant.

17. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's

claims and all claims of the members of the Class originate from the same conduct,

practices and procedure on the part of Defendant and Plaintiff has suffered the same

injuries as each member of the Class.  Plaintiff has retained counsel experienced and

competent in class action litigation.

18. A class action is superior to all other available methods for the fair and efficient

adjudication of this controversy, since joinder of all members is impracticable.

Furthermore, as the damages suffered by individual members of the Class may be

relatively small, the expense and burden of individual litigation make it impossible for

the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

19. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

    a.   Defendant's violations of the FDCPA as alleged herein;

    b.   The existence of Defendant's identical conduct particular to the matters at issue;

    c.   The availability of statutory penalties; and

    d.   The availability of attorneys' fees and costs.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692d(6)

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-19.

21. 15 U.S.C. 1692d(6) provides:

A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

22. In the above-described messages, Defendant failed to notify Plaintiff of its identity.

23. As such, Defendant violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of its identity when leaving the above-described messages.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692e(14)

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-19.

25. 15 U.S.C. 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(11)  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

26. In the above-described messages, Defendant failed to notify Plaintiff that the communications were from a debt collector calling in an attempt to collect a debt.

27. As such, Defendant violated 15 U.S.C. 1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

## JURY TRIAL DEMANDED

28. Plaintiff hereby demands a trial by jury.

## PRAYER F OR RELIEF

WHEREFORE, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal

Rules of Civil Procedure;

(b) Adjudging that Defendant violated 15 U.S.C. 1692d(6) and 15 U.S.C. 1692e(11);

(c) Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C.

1692k in the amount of $1,000.00 per class member;

(d) Awarding Plaintiff and members of the Class their reasonable costs and attorney's

fees incurred in this action, including expert fees, pursuant to 15 U.S.C. 1692k;

(e) Awarding Plaintiff and the Class any pre-judgment and post-judgment interest as may

be allowed under the law; and

(f) Awarding other and further relief as the Court may deem just and proper.

Respectfully  submitted,


/s/ Jeff Wood_____
Jeff Wood, Esq.
The Wood Firm, PLLC
ArkBN: 2006164
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL:  615-628-7128
FAX:  615-807-3344
EMAIL:  jeff@mmlaw.pro

Attorney for Plaintiff